## JAY D. GROSS v. STATE

No. 29,271. November 27, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 15, 1958.

*Clyde & Barnes*, by *Al Clyde*, Fort Worth, for appellant.

*Howard M. Fender*, Criminal District Attorney, *John M. Anderson* and *Albert F. Fick, Jr.*, Assistants Criminal District Attorney, Fort Worth, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted under plural counts of the information of two separate offenses of practicing dentistry without a license with a prior conviction of an offense of like character alleged to enhance the punishment under the second count and his punishment assessed by the jury at a fine of $500.00 and 30 days in jail under each count.

The state's witness, Sammy D. Cobb, testified that on the date alleged in the first count of the information he went to the appellant's dental laboratory in the city of Fort Worth to get a set of false teeth; that appellant made an impression of his upper and lower gums and that several days later he returned to the laboratory and received a set of false teeth for which he paid the appellant the sum of $75.00. Cobb further testified that he was sent to the appellant by Dr. Timmons, a dentist, to have the teeth made for the purpose of testifying in court if called and that Dr. Timmons repaid him the $75.00 which he had paid appellant for the false teeth.

Proof was made by the state that appellant had not been licensed to practice dentistry in the state.

Appellant did not testify.

In view of our disposition of the conviction under the second count of the information, a recitation of the facts relative to the offense charged therein is unnecessary other than to observe that in making proof of the prior conviction alleged to enhance the punishment under said count the state offered in evidence the information and judgment of conviction dated May 23, 1956 in cause No. 9215, styled The State of Texas vs. Jay D. Gross in the County Criminal Court of Tarrant County, Texas. No proof was made by the state identifying the appellant as the person named in the information and judgment of conviction. In submitting the issue of appellant's guilt under the second count of the information the court submitted the question of whether appellant had been previously convicted as alleged and the jury found that he had been so convicted. In the absence of proof that the appellant was the same person who had been previously convicted, as alleged, the jury's verdict under the second count of the information cannot be sustained. Angus v. State, 136 Texas Cr. Rep. 159, 124 S.W. 2d 349; Gaines v. State, 274 S.W. 2d 397 and Ewing v. State, 286 S.W. 2d 938.

Appellant's sole contention is that the conviction cannot be sustained because it is based upon the uncorroborated testimony of an accomplice.

Appellant concedes that Art. 754b, V.A.P.C., being one of the statutes pertaining to and regulating the practicing of dentistry in this state provides that a conviction may be sustained upon the uncorroborated testimony of an accomplice but contends that such provision of the statute is a denial of due pro-

cess and therefore unconstitutional under the 14th Amendment of the Constitution of the United States. Appellant insists that since Art. 718, V.A.C.C.P., prohibits a conviction for a criminal offense upon the uncorroborated testimony of an accomplice the legislature in enacting Art. 754b, supra, has prescribed a different rule of evidence in prosecutions of offenses for practicing dentistry without a license which is arbitrary, unreasonable and in violation of the due process clause of the Federal Constitution.

The power to make laws is vested, by the people through the Constitution, in the legislature. Art. 2, Sec. 1; Art. 3, Sections 1 and 42, Vernon's Ann. Texas Constitution.

It is well recognized that the legislature can, within certain limits establish, change or alter rules of evidence, Floeck v. State, 34 Texas Cr. Rep. 314, 30 S.W. 794; O'Brien v. State, 90 Texas Cr. Rep. 276, 234 S.W. 668 and Newton v. State, 98 Texas Cr. Rep. 582, 267 S.W. 272.

Clearly the legislature had the power to enact Art. 754b, supra, and provide that the uncorroborated testimony of an accomplice shall be sufficient to sustain a conviction for violation of any of the statutes pertaining to dentistry. It was the exercise of a right to change the rules of evidence within proper limits.

We overrule appellant's contention that the rule of evidence created by Art. 754b, supra, constitutes a denial of due process and hold the statute constitutional and the evidence sufficient to sustain the conviction.

The judgment is reformed so as to fix the appellant's punishment at a fine of $500.00 and confinement in jail for 30 days and that the state recover of the appellant the said fine and costs and that he be confined in the county jail for a period of 30 days and until said fine and costs are fully paid.

As reformed, the judgment of conviction under the first count of the information is affirmed and the judgment of conviction under the second count is reversed and, as to the second count, the cause is remanded.

The judgment is affirmed.