**James H. WOERNER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54175.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 24, 1979.

Antonio G. Cantu, San Antonio, court appointed, for appellant.

Ted Butler, Dist. Atty., John A. Hrncir, Sharon S. Macrae and Susan D. Reed, Asst. Dist. Attys., San Antonio, for the State.

OPINION ON APPELLANT'S MOTION
FOR REHEARING

W. C. DAVIS, Judge.

Appellant was convicted by a jury of attempted burglary, under V.T.C.A. Penal Code, Secs. 15.01 and 30.02. Punishment was assessed at ten years imprisonment. An appeal followed, and this conviction was affirmed on April 5, 1978, by per curiam opinion. Appellant's motion for rehearing was granted in order that we might, in the interest of justice, consider a contention not raised upon original submission.

The record reflects that appellant was tried with his co-defendant, George F. Jones, whose conviction was subsequently reversed by this Court because of improper jury argument at the punishment phase of the trial. See *Jones v. State*, 564 S.W.2d 718 (Tex.Cr.App.1978). Appellant now contends that he is entitled to a reversal of his conviction because of the same argument by the prosecutor. The record reflects that the prosecutor argued:

". . . And as Judge Barlow tells you in this charge, under the instructions herein given it will not be proper for you in determining the penalty to be assessed to affix the same by lot, chance, any system of averages or any other method than by full, fair and free exercise of the opinion of the individual jurors under the evidence as admitted before you. *And you should, in deliberating as to punishment, discuss how long the defendants would be required to serve in order to satisfy the sentence imposed.*

"But I will tell you this, as you heard, I have been up here now for just about four years. *And if you don't assess a punishment for both of these characters, as bored as they might look right now, if you don't assess a punishment for both of these characters for a term of years in the Texas Department of Corrections between seven and ten years it won't mean anything.*

"Thank you very much."

"MR. SPICER (Defense Counsel for Jones): I will object to the last remark

by counsel. He is trying to circumvent exactly the ruling that the Court has given to them in the Court's charge where the Court is telling the jury that they are not to discuss how long the defendants would be required to serve in order to satisfy the sentence imposed. He is trying to get around that and he has done it. I object to it and ask the Court to instruct the jury to disregard the last remark of counsel.

\* \* \* \* \* \*

"THE COURT: Objection overruled.

"*MR. GRAHAM (Defense Counsel for appellant): Note our exception.*" (Emphasis added)

The jury assessed the maximum punishment of ten years confinement.

 As a preliminary matter, we hold that this error in the argument was sufficiently preserved for review by appellant's counsel. The two defendants were tried together, and each of the two defendants had his own counsel; Jones' attorney made the objection; when it was overruled by the trial court, appellant's counsel voiced an exception to the ruling. This was sufficient in order for appellant to "adopt" the objection as his own also. The argument by the prosecutor was directed towards *both* defendants; the error was definitely called to the attention of the trial court, which is the purpose of an objection. *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977); *Coleman v. State*, 481 S.W.2d 872 (Tex.Cr.App.1972). In stating his ground for the objection, counsel for Jones argued on behalf of *both* defendants; counsel for appellant noted an exception to the court's ruling. Thus, no purpose would be served in our holding that counsel for appellant should have repeated the objection in order to have preserved the error. His exception to the court's ruling was sufficient to indicate his participation in and adoption of co-counsel's objection. Thus, error is preserved.

 In *Jones v. State*, supra, concerning this same jury argument by the prosecutor, we held:

"[t]he argument was an attempt to get around the trial court's instruction not to

discuss the matter of parole, and improperly urged the jury to consider it in assessing punishment. The prosecutor was on notice through the court's charge as to the impropriety of his argument. No useful or legitimate purpose was served by the argument pursued. See *Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). The argument clearly was not a request for appropriate punishment based on the evidence.

"Finding that the argument was not invited [footnote omitted], we conclude the error was reversible error."

See also *Marshburn v. State*, 522 S.W.2d 900 (Tex.Cr.App.1975); *Jones v. State*, 522 S.W.2d 225 (Tex.Cr.App.1975); *Clanton v. State*, 528 S.W.2d 250 (Tex.Cr.App.1975); *Graham v. State*, 422 S.W.2d 922 (Tex.Cr. App.1968).

Accordingly, we hold that this same argument in the instant case is likewise reversible error.

The original opinion, delivered on April 5, 1978, is withdrawn. Appellant's motion for rehearing is granted; the judgment is reversed and the cause remanded.