**Kenneth Wayne ENLOW, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00101–CR.**

Court of Appeals of Texas, Texarkana.

Submitted March 13, 2001.

Decided March 16, 2001.

Gary L. Waite, Assistant County Atty., Judy Hodgkiss, The Moore Law Firm, LLP, Paris, for appellant.

Mark Burtner, Lamar County Attorney, Paris, for the State.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Kenneth Wayne Enlow, II and John Thomas Parker were charged with aggravated robbery and were tried as co-defendants in a jury trial. The jury convicted Enlow as a party to aggravated robbery

and set his punishment at forty years' confinement. He appeals, challenging the legal and factual sufficiency of the evidence, and contending that the trial court erred by entering a deadly weapon finding in the judgment, refusing to submit an "independent impulse" instruction to the jury, and allowing a summation of the evidence before the testimony was completed. He also challenges the constitutionality of Article 37.07 of the Texas Code of Criminal Procedure.[1]

Enlow first challenges the legal and factual sufficiency of the evidence. He specifically contends that the evidence is insufficient to support his conviction for aggravated robbery as a party because it does not show that he intended to promote the aggravated robbery or that he should have anticipated that his co-defendant Parker would use a deadly weapon in the robbery.

■ In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex. Crim.App.1995).

■ In reviewing the factual sufficiency of the evidence, we view the evidence in a neutral light, comparing the evidence that tends to prove the element in dispute with the evidence that tends to disprove the element. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *see Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). We set aside the verdict only if the evidence is so weak as to be clearly wrong and manifestly unjust, or if the finding is against the great weight and preponderance of the evidence. *Clewis v. State*, 922 S.W.2d at 129.

■ At trial, the State prosecuted Enlow as a party, not as a principal. The State's first task was to prove that Parker, the principal, committed aggravated robbery. A person commits robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he knowingly or intentionally threatens or places another in fear of imminent bodily injury or death. TEX. PEN. CODE ANN. § 29.02 (Vernon 1994). A person commits aggravated robbery if he uses or exhibits a deadly weapon in the course of a robbery. TEX. PEN. CODE ANN. § 29.03 (Vernon 1994).

Next, the State was required to establish that Enlow was criminally liable for Parker's actions. The court's charge allowed the jury to hold Enlow criminally responsible for Parker's conduct if the evidence proved (1) that Enlow solicited, encouraged, directed, aided, or attempted to aid Parker in committing the offense with intent to promote or assist in the commission of the offense, TEX. PEN. CODE ANN. § 7.02(a)(2) (Vernon 1994), or (2) that in an attempt to carry out a conspiracy to commit one felony, Parker committed another felony, even though Enlow had no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that Enlow should have anticipated as a result of the carrying out of the conspiracy, TEX. PEN. CODE ANN. § 7.02(b) (Vernon 1994).

The evidence, which consisted of testimony from several witnesses and the written statements of Parker and Enlow,

---

1. Article 37.07 permits either party to present evidence at the punishment stage as to any matter the court deems relevant to sentencing, including specific extraneous crimes or bad acts. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 2001).

showed that in the early morning hours of September 1, 1999, after a day of drinking beer, Parker and Enlow drove around the Maxey community, near Paris, Texas, looking for things they could steal. They chose the country home of Loretta and Aud Brown as their target. Loretta Brown testified that at the time of the robbery, her bedside light was on, and Detective Joe David Tuttle testified that there were two pickup trucks and two cars parked at the home.

After searching through a barn and a storage shed, Parker and Enlow decided to enter the Browns' residence. On this hot September night, the Browns had left the front door open, and Parker simply tore through a flimsy screen door, unlocked it, and he and Enlow entered the home. According to Enlow's voluntary statement, Parker carried into the house a wooden stick that "looked like a splitting mall or sledge hammer handle." Parker unhooked a VCR that was in the front room and told Enlow to hold it while he explored the rest of the house. Mrs. Brown, who had fallen asleep in her bed while reading, awoke and discovered Parker in her bedroom. When she awoke, Parker beat her severely in the face with the wooden stick. He also injured her right hand when she raised it to protect herself. Parker and Enlow fled the house with the Browns' VCR and a chainsaw that they had taken from the storage shed. Parker and Enlow were arrested the next day.

Based on the evidence, we conclude that the jury could reasonably find that Enlow should have been aware that Parker might commit aggravated robbery during the course of the robbery. There was evidence that four vehicles were parked at the home, that a bedside light was on, and that Enlow knew that Parker entered the home with a large wooden stick. This evidence shows that Enlow should have

known that people were in the home and that a confrontation might occur. He knew that Parker carried a weapon into the house and must have known that the purpose of carrying a weapon into the house was to threaten or injure anyone who might confront them in the house. *Moore v. State*, 24 S.W.3d 444, 447 (Tex. App.—Texarkana 2000, pet. ref'd). Considering this evidence, any reasonable juror could have found the elements of conspiracy or aiding and abetting beyond a reasonable doubt; moreover, the jury's verdict is not clearly wrong or unjust or against the great weight and preponderance of the evidence. The evidence is legally and factually sufficient to support the conviction.

■ In his second point of error, Enlow contends that the trial court erred by entering a deadly weapon finding in its judgment. The deadly weapon finding is significant because it makes Enlow ineligible for parole until his actual calendar time served equals one half of the sentence or thirty years, whichever is less, so long as it is not less than two calendar years. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (Vernon Supp. 2001); TEX. GOV'T CODE ANN. § 508.145(d) (Vernon Supp. 2001).

■■ In a jury trial, a trial court may enter an affirmative deadly weapon finding in three situations: where the jury has (1) found guilt "as alleged in the indictment" and the deadly weapon was specifically pleaded, using the "deadly weapon" nomenclature; (2) found guilt "as alleged in the indictment" but, though not specifically pleaded as a deadly weapon, the weapon is per se a deadly weapon; or (3) affirmatively answered a special issue on deadly weapon use. *Davis v. State*, 897 S.W.2d 791, 793 (Tex.Crim.App.1995); *Polk v. State*, 693 S.W.2d 391, 395–96 (Tex.Crim. App.1985). If, however, the defendant is convicted under the law of parties and not

as a principal, the jury must specifically find that the defendant either personally used a deadly weapon or knew that a deadly weapon would be used or exhibited. *Tate v. State,* 939 S.W.2d 738, 753 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *Pritchett v. State,* 874 S.W.2d 168, 172 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

The jury did not specifically find that Enlow used a deadly weapon or knew that one would be used or exhibited. The trial court's entry of a deadly weapon finding was therefore improper. But the State argues that the trial court's error was harmless because reforming the judgment to eliminate the deadly weapon finding would not affect Enlow's parole eligibility, since his aggravated robbery conviction alone subjects him to the same parole restrictions as would a deadly weapon finding. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(1)(F) (Vernon Supp. 2001); TEX. GOV'T CODE ANN. § 508.145(d).

■ Although correct in its argument that the minimum time required before Enlow will be eligible for parole will not change with the redaction of the deadly weapon finding, the State fails to consider the possibility that Enlow might suffer some other harm because of the deadly weapon finding. The deadly weapon finding might affect the decision of the Parole Board when Enlow becomes eligible for parole consideration. If Enlow were ever tried for another offense, this conviction might be admitted against him in that trial. The effect of the deadly weapon finding could reach beyond simply increasing the prison time required of Enlow before he will be considered for parole. We cannot know all of the possible effects that the deadly weapon finding could have on Enlow, so we cannot say with any certainty that the finding is harmless. *See Edwards v. State,* 21 S.W.3d 625, 627–28

(Tex.App.—Waco 2000, no pet.). We will therefore reform the judgment to eliminate the deadly weapon finding.

■ Enlow also contends that the trial court erred in failing to submit an independent impulse charge to the jury. Specifically, he argues that the court's refusal to include the requested language in the jury charge allowed the jury to convict him using a charge that failed to inform the jury of the circumstances requiring a conviction or acquittal. *See Barrera v. State,* 982 S.W.2d 415, 417 (Tex.Crim.App.1998). Enlow objected to the court's proposed jury charge and requested that it contain the following language:

> Having found that the defendant John Thomas Parker committed the aggravated robbery of Loretta R. Brown, if you further find that Kenneth Enlow did not agree and that he had no intent to participate in the aggravated robbery of Loretta R. Brown, and that he did not participate in any way in the furtherance of the purpose and design of John Thomas Parker in committing the offense of aggravated robbery of Loretta R. Brown, and never agreed to the commission of any offense, and if you so believe, or if you have a reasonable doubt thereof, you will acquit the defendant Kenneth Enlow II.

■ The trial court should provide the jury with a statement of the law and, additionally, apply that law to the evidence presented in the case. *Riley v. State,* 830 S.W.2d 584, 586–87 (Tex.Crim.App.1992); *Braggs v. State,* 951 S.W.2d 877, 881 (Tex. App.—Texarkana 1997, pet. ref'd). This requirement also applies to defensive issues. *Beggs v. State,* 597 S.W.2d 375, 379–80 (Tex.Crim.App. [Panel Op.] 1980); *Braggs v. State,* 951 S.W.2d at 881. However, the refusal to give a special charge is not error where the same request is covered by the charge that is given. *Moody*

*v. State*, 827 S.W.2d 875, 893 (Tex.Crim. App.1992); *Hernandez v. State*, 867 S.W.2d 900, 906–07 (Tex.App.—Texarkana 1993, no pet.). The Court of Criminal Appeals and this Court have held that the submission of an independent impulse charge is not required where the charge submitted to the jury tracks the language of TEX. PEN. CODE ANN. § 7.02 (Vernon 1994). *Davis v. State*, 651 S.W.2d 787, 792 (Tex.Crim.App.1983); *Sarver v. State*, 24 S.W.3d 448, 454–55 (Tex.App.—Texarkana 2000, pet. ref'd).

The charge the court submitted to the jury contained the statutory language defining circumstances under which a party may be held responsible for the criminal act of another. TEX. PEN. CODE ANN. § 7.02(a)(2), (b). Additionally, the charge applied the law to the facts of the case. With these definitions and applications in the charge actually given to the jury, the independent impulse instruction was not required. Moreover, the addition of the language requested by Enlow would have been superfluous, adding unnecessary information to an already long and detailed jury charge.

 In points of error four, five, and six, Enlow contends that the court improperly allowed the attorneys to summarize the evidence at the end of the first day of trial. In order to preserve error for appeal, a party must object and obtain a ruling from the trial court. TEX. R. APP. P. 33.1(a)(1)(A); *Smith v. State*, 10 S.W.3d 48, 49 (Tex.App.—Texarkana 1999, no pet.). If a co-defendant does not voice his own objection at trial, he has not preserved error. *Lerma v. State*, 679 S.W.2d 488, 498 (Tex.Crim.App. [Panel Op.] 1982). A co-defendant may adopt the objection of his fellow defendant, but that adoption must be reflected in the record. *Woerner v. State*, 576 S.W.2d 85, 86 (Tex.Crim.App. 1979). Enlow did not object to the trial court's allowing a summation of evidence at the conclusion of the first day of trial, nor did he join in his co-defendant's objection. Enlow therefore waived his right to complain of this matter on appeal.

 In his seventh and final point of error, Enlow contends that Article 37.07 of the Texas Code of Criminal Procedure is unconstitutional. Enlow specifically challenges Section 3(a) of the statute, which allows the trial court to admit at the punishment stage of the trial any evidence that the court deems relevant to sentencing. Enlow argues that this statute violates the separation of powers provision of the Texas Constitution and denied him due process and due course of law.

 Article II, § 1 of the Texas Constitution provides that the Texas government shall consist of three distinct departments: the legislative, executive, and judicial departments. "[N]o person or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." TEX. CONST. art. II, § 1. The Texas Court of Criminal Appeals has recognized that the separation of powers clause may be violated in two ways: (1) when one branch of government assumes or is delegated a power that is more properly attached to another branch, and (2) when one branch unduly interferes with another branch to the extent that the other branch cannot effectively exercise its constitutional powers. *State v. Williams*, 938 S.W.2d 456, 458 (Tex.Crim.App.1997).

 Enlow asserts that Article 37.07 allows the Legislature to invade the province of the judiciary and allows the judiciary to invade the province of the Legislature. Through the Texas Constitution, the people have vested the Legislature with

the power to create the law of the state. *Gross v. State*, 165 Tex.Crim. 463, 308 S.W.2d 54 (1957). TEX. CONST. art. V, § 31 grants the Legislature the power to delegate rule-making power to the courts, which it did through TEX. GOV'T CODE ANN. § 22.109 (Vernon 1988).[2] That code provision grants the Court of Criminal Appeals full power to promulgate rules of evidence in criminal cases. Article 37.07 of the Code of Criminal Procedure allows each individual sentencing court to dictate what evidence may be presented at the punishment phase of a trial. Any matter the court deems relevant to sentencing is admissible. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a). With this provision, the Legislature has effectively stated that trial courts are not required to follow the rules of evidence created by the Court of Criminal Appeals while conducting punishment hearings. By doing this, the Legislature has not invaded the province of the judiciary, but rather has limited the Court of Criminal Appeals' power to create rules of evidence for punishment hearings. The Legislature shifted that power to the individual courts that are conducting the hearings. The shift of power to the lower courts does not intrude on the judiciary's power; it simply moves the power to different courts.

The statute does not encroach on the fundamental areas of judicial authority, which are hearing evidence, deciding fact issues, deciding questions of law, rendering judgment, and executing the final judgment or sentence. *Kelley v. State*, 676 S.W.2d 104, 107 (Tex.Crim.App.1984). Furthermore, since Article V, § 31 of the Texas Constitution specifically allows the Legislature to delegate powers to the judiciary, its doing so cannot be characterized as allowing the judiciary to encroach on the power of the Legislature. Finally, since Article 37.07 does not violate the separation of powers clause, its implementation does not deny Enlow due course of law.

We reform the judgment of the trial court to eliminate the deadly weapon finding. As reformed, the trial court's judgment is affirmed.

**2.** TEX. GOV'T CODE ANN. § 22.109 (Vernon 1988) provides:

(a) The court of criminal appeals has the full rulemaking power in the promulgation of rules of evidence in the trials of criminal cases, except that its rules may not abridge, enlarge, or modify the substantive rights of a litigant.

(b) The court of criminal appeals may promulgate a comprehensive body of rules of evidence in the trials of criminal cases and from time to time may promulgate a specific rule or rules of evidence or an amendment or amendments to a specific rule or rules. Rules and amendments adopted under this subsection are effective at the time the court of criminal appeals considers expedient in the interest of a proper administration of justice. The rules and amendments to rules remain in effect unless and until disapproved by the legislature. The secretary of state shall report the rules or amendments to rules to the next regular session of the legislature by mailing a copy of the rules or amendments to rules to each elected member of the legislature on or before December 1 immediately preceding the session.