**Demarkus Joseph GRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–00–00191–CR.**

Court of Appeals of Texas, Texarkana.

Submitted May 31, 2001.

Decided July 20, 2001.

---

1. *See* Tex. Fam.Code Ann. § 56.01(*l*) (Vernon Supp.2001), § 56.02(b) (Vernon 1996).

James R. Hagan, Longview, TX, for appellant.

Andy Porter, Assistant District Attorney, Longview, TX, for state.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Demarkus Gray appeals the judgment of the trial court, after jury trial on both guilt/innocence and punishment. He was sentenced to fifteen years' imprisonment for the offense of aggravated robbery.

The evidence shows that Gray was involved in an incident on a parking lot in Longview where one of Gray's companions, Josiah Young, stole property belonging to Travis Handlin. Handlin attempted to retrieve his property and fought with Gray and Young. Handlin was stabbed three times during the altercation. Handlin did not see a knife and does not know who stabbed him. He testified that at the time Young took his property, Young had his hand under his shirt like he was hiding something. Handlin further testified that at the time Young joined the fight, Young "had something wrapped up in a towel, or his shirt, or something like that," but Handlin did not see a weapon.

In a voluntary statement given to police, Gray denied having a knife during the altercation with Handlin or seeing Young with a knife. He did, however, imply that it was Young who stabbed Handlin and stated that after the altercation, he saw Young throw something out a window, which he assumed was a knife.

A detective with the Longview Police Department testified that no knife was recovered during the investigation, but that Handlin's wounds appeared to have been made by a bladed instrument capable of causing death or serious bodily injury.

■ The sufficiency of the evidence to support the conviction is not challenged. Instead, Gray contends that the trial court erred in its charge to the jury by giving a definition of a knife and further erred by entering a deadly weapon finding in its judgment.

The indictment against Gray alleged that he

intentionally, while in the course of committing theft of property and with intent to obtain and maintain control of said property, cause[d] bodily injury to Travis Handlin by cutting or stabbing him with a knife, and [Gray] did ... use and exhibit a deadly weapon, to-wit: a knife, . . . .

The trial court included the following definitions in its instructions to the jury:

"DEADLY WEAPON" MEANS ANYTHING THAT IN THE MANNER OF ITS USE OR INTENDED USE IS CAPABLE OF CAUSING DEATH OR SERIOUS BODILY INJURY.

"KNIFE" MEANS ANY BLADED HAND INSTRUMENT THAT IS CAPABLE OF INFLICTING SERIOUS BODILY INJURY OR DEATH BY CUTTING OR STABBING A PERSON WITH THE INSTRUMENT.

Gray objected to the trial court's definition of a knife in its charge to the jury as an unfair comment on the weight of the evidence. The State asserted that the definition was proper, since it came from TEX. PEN.CODE ANN. § 46.01(7) (Vernon Supp. 2001). Gray contended that the definition

was not applicable in this aggravated robbery case, but the objection was overruled.

Chapter 29 of the Penal Code provides, in relevant part, that a person commits the offense of robbery if, in the course of committing theft, and with intent to obtain or maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another. A person commits aggravated robbery if he commits robbery and uses or exhibits a deadly weapon.

Chapter 46 of the Penal Code describes "Offenses Against Public Health, Safety, and Morals." TEX. PEN.CODE ANN. § 46.02 (Vernon Supp.2001) provides that a person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club. Section 46.01 sets forth definitions for those offenses, defining various weapons, including "knife" (Section 46.01(7)), and "illegal knife" (TEX. PEN.CODE ANN. § 46.01(6) (Vernon Supp.2001)). Section 46.01 begins: *"In this Chapter"* and then defines the terms. There is no indication that these definitions are intended to apply to other chapters of the Penal Code. Compare this section with TEX. PEN. CODE ANN. §§ 9.01, 20.01 (Vernon Supp. 2001), §§ 3.01, 7.21, 21.01 (Vernon 1994) (in this chapter or in this subchapter), and § 22.015 (Vernon Supp.2001) (in this section), all of which have definitions applicable to a particular chapter, section, subchapter, or a particular type of offense. The Penal Code does have definitions that apply to all chapters, and that section begins: *"In this code."* TEX. PEN.CODE ANN. § 1.07(a) (Vernon 1994). A definition of "knife" does not appear in this section.

The plain language of the Penal Code indicates that chapter or section definitions are specifically intended to apply to that particular chapter or section. If the Legislature intended a definition to apply for all purposes, it would have defined that particular word or phrase in Section 1.07.

In *Garrison v. State,* 726 S.W.2d 134 (Tex.Crim.App.1987), an aggravated robbery case, the Texas Court of Criminal Appeals held that the trial court erred in including in its charge the same Chapter 46 (Section 46.01(7)) definition of "knife" given in this case. The court concluded that the specific language of the Penal Code limits such definitions to Chapter 46 offenses. *Id.* at 138. However, the State cites *DeAnda v. State,* 769 S.W.2d 522 (Tex.Crim.App.1989), in which the court held that the definition section of Chapter 46 may be used "as an aid to determining whether a designated weapon is a 'deadly weapon' within the context of an affirmative finding." *Id.* at 524. In *DeAnda,* the indictments alleged the use of a rifle. One of the issues was whether a rifle is a type of firearm and therefore a deadly weapon per se. Looking to definitions found in Chapter 46 "as an aid," the court concluded that a rifle is a deadly weapon per se. *Id. DeAnda* did not pertain to jury instructions, and the court did not overrule its holding in *Garrison.*

In *Lee v. State,* 866 S.W.2d 298 (Tex. App.—Fort Worth 1993, pet. ref'd), the Fort Worth court examined both of the foregoing cases and held that although Chapter 46 definitions may be looked at, the trial court should not have included the definitions in the jury charge for a non-Chapter 46 offense. *Id.* at 301. Likewise, we hold that the trial court in this case erred in utilizing the Chapter 46 definition of knife in its instructions to the jury. This, however, does not end our inquiry.

▮ In *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (op. on reh'g), the Texas Court of Criminal Appeals held that if an error in a jury charge was the subject of a timely objection in the

trial court, then reversal is required if the error is calculated to injure the rights of the defendant, which means that there must be some harm to the accused from the error. An error which has been properly preserved by objection will call for reversal unless the error is harmless. However, if no proper objection was made at trial, a defendant will not be entitled to reversal unless he can demonstrate that the error was so egregious and created such harm that he did not have a fair and impartial trial. In this case, Gray objected to the use of the definition of "knife." The trial court overruled his objection. Therefore, Gray must only establish that he suffered some harm as a result of the trial court's error.

■ In its charge to the jury, the trial court authorized, without objection, a conviction if the jury found beyond a reasonable doubt that Gray was guilty either as a principal or as a party. The court also charged the jury on the lesser offense of robbery. The jury's verdict found Gray "GUILTY OF AGGRAVATED ROBBERY, AS CHARGED IN THE INDICTMENT," without specifying whether it found him guilty as a principal or as a party. Although no witness testified to *seeing a knife and no knife was found* during the investigation, the State relied on circumstantial evidence that a knife was used. At trial, Gray did not strongly challenge the State's theory that a knife was used, and he makes no challenge in this appeal to the legal or factual sufficiency of the circumstantial evidence that a knife was used. Instead, the focus of Gray's strategy, as illustrated in his closing argument to the jury, was on his position that

he did not use a knife and did not know that a knife would be used, and therefore he was guilty only of the lesser offense of robbery. In their closing arguments, neither Gray nor the State referred to the definition of a knife given in the court's charge. The charge required the jurors to find both that a knife was used in the commission of the offense and that the knife was a deadly weapon. As in *Garrison,* nothing in the court's charge, including its erroneous instruction on the definition of a knife, relieved the jury of its duty to find Gray guilty only if the State proved all the elements of the offense beyond a reasonable doubt. *Garrison,* 726 S.W.2d at 139.

Gray has not shown that he was harmed by the court's erroneous instruction. This point is overruled.

■ Gray's second issue on appeal is that the trial court erred by entering a deadly weapon finding in its judgment.[1] He contends that the judgment should be reformed to omit the deadly weapon finding because he was convicted as a party and no specific deadly weapon finding was made by the jury. However, as noted above, the jury was authorized to find Gray guilty either as a principal or as a party, and the jury's verdict does not specify the basis on which he was found guilty, other than "AS CHARGED IN THE INDICTMENT." Further, the record does not reflect that either side requested a jury finding that Gray personally used a deadly weapon or that he knew a deadly weapon would be used or exhibited in the

1. The deadly weapon finding is significant because it makes a convicted defendant ineligible for parole until his actual calendar time served equals one half of the sentence or thirty years, whichever is less, so long as it is not less than two calendar years. Tex.Code

Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.2001); Tex. Gov't Code Ann. § 508.145(d) (Vernon Supp.2001); *see Enlow v. State,* 46 S.W.3d 340, 344(Tex.App.—Texarkana 2001, pet. ref'd).

commission of the offense, and no such finding was submitted to the jury.

While Gray has attacked the propriety of the deadly weapon finding, he has not attacked the sufficiency of the evidence to support the finding. *See Johnson v. State,* 6 S.W.3d 709, 713–14 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd), which has separate points of error: 1) challenging the sufficiency of the evidence to support the affirmative finding of a deadly weapon in an aggravated robbery conviction; and 2) alleging that the trial court erred by entering an affirmative finding of a deadly weapon when the judgment failed to recite that an appellant was a party to the offense and knew that a deadly weapon would be used or exhibited. *Id.* at 713.

■ Three methods are authorized for properly making an affirmative finding of a deadly weapon: 1) the indictment alleges the use of a "deadly weapon" and the jury's verdict reads "guilty as charged in the indictment"; 2) the indictment alleges the use of a weapon, and the weapon is considered a deadly weapon per se; or 3) the jury affirmatively answers a special issue on the use of a deadly weapon. *Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim. App.1985); *Grant v. State,* 33 S.W.3d 875, 880 (Tex.App.—Houston [14th Dist.] 2000, pet. ref'd); *Johnson,* 6 S.W.3d at 713–14.

We find that the State established the elements necessary for the trial court's affirmative finding under the first alterna-tive set forth in *Polk.* Deadly weapon was charged in the indictment; the jury found Gray guilty as charged in the indictment.

Gray's reliance on our recent opinion in *Enlow* is misplaced. In *Enlow,* the state prosecuted Enlow as a party, and the jury convicted him as a party, to aggravated robbery. *Enlow v. State,* 46 S.W.3d 340, (Tex.App.—Texarkana 2001, pet ref'd). As that opinion states, under the law of parties the jury must specifically find that the defendant either personally used a deadly weapon or knew that a deadly weapon would be used or exhibited. *Id.* Since the jury made no such finding in that case, the trial court's entry of an affirmative finding of a deadly weapon constituted reversible error. *Id.* In the present case, although the jury charge included a charge under the law of parties, there was no specific conviction under the law of parties. The rule applied in *Enlow* is not applicable.

We hold that the trial court did not err in finding that a deadly weapon had been used. This issue is overruled.

The judgment is affirmed.