

NUMBER 13-13-00248-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERICA NICOLE MCCLURE,                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                       **Appellee.**

### On appeal from the 24th District Court of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Benavides
### Memorandum Opinion by Justice Garza

A jury convicted appellant, Erica Nicole McClure, of engaging in organized criminal activity by committing deadly conduct, a second-degree felony offense. *See* TEX. PENAL CODE ANN. §§ 22.05(b)(1), (2); 71.02(a)(1), (b) (West, Westlaw through 2013 3d C.S.). The jury also found appellant used a deadly weapon in committing the offense. The jury assessed punishment at twenty years' imprisonment and a $10,000 fine. *See id.* § 12.33 (West, Westlaw through 2013 3d C.S.). By a single issue, appellant argues that the

prosecutor engaged in improper closing argument.  We affirm.

## I. Background

Appellant was indicted for murder, engaging in organized criminal activity, and deadly conduct, all in connection with her role in a drive-by shooting that resulted in the death of a guest at a party in Victoria, Texas.  Appellant was tried jointly with her brother, Joshua McClure.  Appellant and her brother were represented by separate counsel.

In closing argument at the guilt/innocence phase of trial, the following exchange occurred:

[Prosecutor]:          . . . Remember, we talked about duties.  My duty is to bring to you the truth.  I don't sift it out.  All right?  You've got a whole lost [sic] of stuff, and you've got to sift it out and determine the facts.

[Joshua's counsel]:  Judge, I'm going to object.  That's not the State's duty, to bring the truth.  It's to see that justice is done.  That's improper.

[Prosecutor]:          The sentence before that in 2.03—

[Joshua's counsel]:  I have an objection.

[Prosecutor]:          —the State has a responsibility—

[Joshua's counsel]:  I have an objection.

[the Court]:          Your objection is overruled, [counsel].

Appellant's counsel did not object to the argument and did not join in the objection made by Joshua's counsel.

## II. Discussion

Here, appellant's counsel did not object to the prosecutor's argument and did not join in the objection made by Joshua's counsel.  The State argues that because appellant did not object to the argument, no issue was preserved for review.  In response to the State's argument, appellant argues, without citation to authority, that "the prosecutor's

remarks would undeniably affect both defendants at trial." We are unpersuaded by appellant's argument.

The court of criminal appeals has held that "a defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (en banc). Thus, "[b]efore a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling." *Id.*; *see Threadgill v. State*, 146 S.W.3d 654, 670–71 (Tex. Crim. App. 2004) (reaffirming the holding in *Cockrell* and expressly holding that because appellant failed to object to the allegedly improper jury argument, he forfeited his right to raise it on appeal, even if such argument could not have been cured by an instruction); *see also* TEX. R. APP. P. 33.1(a).

Moreover, to preserve error, a defendant is generally unable to rely on an objection made by a co-defendant's counsel without voicing his own personal objection. *See Lerma v. State*, 679 S.W.2d 488, 498 (Tex. Crim. App. 1982) ("Thus the rule is that if a codefendant has not voiced his own personal objection to the multiple representation arrangement, he is foreclosed from relying on the objection of his codefendant to preserve error."); *Martinez v. State*, 833 S.W.2d 188, 191 (Tex. App.—Dallas 1992, pet. ref'd) (holding that a defendant who has not voiced his own personal objection or adopted that of his co-defendant is foreclosed from relying on the objection of his co-defendant to preserve error); *see also Ortega v. State*, No. 13-04-394-CR, 2005 WL 2591779, at *3 (Tex. App.—Corpus Christi Oct. 13, 2005, no pet.) (mem. op., not designated for publication) (same). To do so, defense counsel, or the defendant himself, may adopt a co-defendant's objection and preserve error "when there is sufficient indication in the

3

record of his intent to adopt the objection." *Martinez*, 833 S.W.2d at 191; *Woerner v. State*, 576 S.W.2d 85, 86 (Tex. Crim. App. 1979); *Enlow v. State*, 46 S.W.3d 340, 346 (Tex. App.—Texarkana 2001, pet. ref'd) ("A co-defendant may adopt the objection of his fellow defendant, but that adoption must be reflected in the record.").

Here, appellant and her counsel were silent during the objection lodged by Joshua's counsel. There is nothing in the record to reflect that appellant's counsel joined in the objection. Therefore, we must conclude appellant failed to preserve any objection to the State's jury argument and no issue was preserved for appellate review. *See Threadgill*, 146 S.W.3d at 670–71; *Cockrell*, 933 S.W.2d at 89; *Martinez*, 833 S.W.2d at 191; TEX. R. APP. P. 33.1(a).[1] We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of July, 2014.

---

[1] We note that objection at trial is unnecessary where the error alleged is "fundamental"—that is, when the error causes the defendant to suffer "egregious harm" and prevents him from receiving a fair and impartial trial. *Ganther v. State,* 187 S.W.3d 641, 650 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see* TEX. R. EVID. 103(d). No "fundamental" error is alleged here. Therefore, appellant was required to preserve her issue at trial. *See* TEX. R. APP. P. 33.1(a).