**AFFIRM; and Opinion Filed June 6, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01118-CR

### DAVID ALLEN FRONEK, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-14-66**

## MEMORANDUM OPINION

Before Justices Evans, Whitehill, and Schenck
Opinion by Justice Schenck

Appellant David Allen Fronek appeals his conviction for continuous-sexual-abuse of a child younger than 14 years of age. During his trial, pursuant to new article 38.37, section 2 of the Texas Code of Criminal Procedure, the State introduced evidence of appellant's sexual abuse of a child other than the complainant. On appeal, appellant argues that the admission of this evidence violated his right to due process and his rights of confrontation and compulsory process.[1] For the reasons outlined in this opinion, we affirm appellant's conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL BACKGROUND

In August 2014, appellant was tried for continuous-sexual-abuse of a child. At least

---

[1] Appellant does not challenge the sufficiency of the evidence of his guilt and concedes that the evidence is sufficient to support his conviction. Therefore, the only facts recited in this opinion are those relevant to appellant's constitutional challenge.

thirty days before trial, the State notified appellant that it intended to introduce evidence of sexual offenses appellant committed against a male identified by the initials F.B. The notice provided the nature of the offenses, the time frame during which the offenses occurred, and identified that the offenses occurred in Arizona and California.

After the jury was empaneled and before the State proceeded with its case-in-chief, the trial court conducted a hearing on the admissibility of the extraneous offense evidence. Outside the presence of the jury, F.B. testified about the acts of sexual abuse appellant committed against him. F.B. was 33 years old at the time of trial. He said the acts began in 1987, when he was about 7 years old, and continued until 1993, when he reached the age of 13. The acts included masturbation and oral sex. They occurred in Arizona and California. At no point following receipt of the notice or the extensive voir dire of F.B. did appellant seek a continuance or request further discovery related to F.B. or his allegations of prior abuse.

After the hearing, the State proceeded with its case-in-chief and called several witnesses to testify before the jury, including the complainant, who testified about the extensive acts of sexual abuse appellant committed against him in Rockwall, Texas and in Arizona.

After the State had called its remaining witnesses, other than F.B., the trial court heard argument as to the admissibility of F.B.'s testimony. Appellant's counsel objected to the admission of the testimony on broadly stated due process grounds that are repeated on appeal. First, appellant argued that the use of extraneous bad act evidence at the guilt-innocence phase of trial to establish an accused's character and propensity to commit the charged offense reverses an established evidentiary norm and, in so doing, inherently violates due process. In addition, appellant argued that the revised article 38.37 degrades the presumption of innocence, and thus, likewise violates due process. Appellant further argued the out-of-state offenses could not be proven beyond a reasonable doubt because there is no evidence the offenses are crimes in the

other states. Separately, appellant objected to the use of out-of-state conduct as impeding his counsel's ability to effectively impeach the witness or to defend appellant against the out-of-state charge. The trial court rejected these arguments, found F.B.'s testimony adequate to support a finding by the jury that appellant committed the separate offenses beyond a reasonable doubt, and allowed F.B. to testify about the acts of sexual abuse appellant committed against him. The court also instructed the jury, before F.B.'s testimony and again in its charge, that the testimony could only be considered for purposes of establishing appellant's character and only to the extent the jurors determined that F.B.'s testimony was truthful beyond a reasonable doubt.

After the State rested, the defense called the complainant as its only witness. Appellant elected not to testify.

The jury found appellant guilty of continuous-sexual-assault of a child and assessed punishment at ninety-nine years in prison. This appeal followed.

### ISSUE AND ARGUMENTS PRESENTED

In a single issue, appellant challenges the constitutionality of Texas Code of Criminal Procedure article 38.37, section 2. First he claims three separate violations of the Fourteenth Amendment's due process guarantees claiming article 38.37, section 2: (1) reverses the historic practice of excluding character propensity evidence which is so fundamental as to be guaranteed by due process; (2) has the functional effect of reducing the state's burden of proof on the charged offense and degrades the presumption of innocence; and (3) allows evidence of un-adjudicated conduct without proof the conduct would be punishable as a crime in the state in which the conduct occurred. Appellant also complains that the rule, as applied, violated his Sixth Amendment guarantees of confrontation and compulsory process.[2]

---

[2] The Sixth Amendment guarantees of confrontation and compulsory process are applicable to the states through the Fourteenth Amendment. *Wesbrook v. State*, 29 S.W.3d 103, 117 (Tex. Crim. App. 2000) (en banc).

## PRESERVATION AND BRIEFING WAIVER

The State acknowledges that the appellant cited the relevant constitutional provision below in lodging his due process argument, but maintains that he nevertheless waived the issue by not sufficiently detailing the aspect of the due process guarantee at issue. To be sure, appellant's arguments were indeed broadly stated below and without substantial resort to supporting decisional authority there or on appeal. Nevertheless, appellant clearly invoked the Due Process Clause and objected to the change in the statute on the three grounds we identified above. Appellant also clearly complained that restrictions on his ability to examine F.B. or to conduct discovery in California implicated his Sixth Amendment rights. We conclude that the objection was at least minimally sufficient to inform the trial court of the complaint. Likewise, while appellant's brief in this Court cites very few relevant state or federal decisions governing his federal due process arguments, we understand the basis of appellant's argument, as further elucidated at argument, and will resolve it on its merits. *See* TEX. R. APP. P. 38.1(f), 47.1; *Pena v. State*, 191 S.W.3d 133, 147 (Tex. Crim. App. 2006).

## STANDARD OF REVIEW

In reviewing the constitutionality of a statute, we must presume that the statute is valid and that the legislature did not act unreasonably or arbitrarily in enacting it. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). Appellant bears the burden of demonstrating that the statute is unconstitutional. *Id.*

## DISCUSSION

Three sections of article 38.37 relate to appellant's constitutional challenge. Article 38.37, section 2(b) allows for the admission of evidence that the defendant committed sex crimes against children other than the victim of the alleged offense "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with

the character of defendant." TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) (West Supp. 2015). Article 38.37, section 3 requires the State to give the defendant notice of the State's intent to introduce evidence of extraneous offenses at least thirty days before trial. *Id.* § 3. Article 38.37, section 2–a provides that before extraneous-offense evidence may be introduced, the trial court must determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt and must conduct a hearing outside the presence of the jury for that purpose. *Id.* § 2–a.

## A.    Challenged Statute

Appellant specifically challenged section 2 of article 38.37 of the code of criminal procedure as amended and effective September 1, 2013. *See* Act of June 14, 2013, 83rd Leg., ch. 387, § 3, Tex. Session Law Serv. 1168, 1168–69. By its terms, article 38.27, section 2 applies to a limited class of cases involving crimes against children. The amendment expands upon an earlier version of the same article, originally enacted in 1995, in that it now allows for admission of evidence that the defendant committed an offense against a child *other than* the victim of the charged offense to prove the defendant's character, and thus, propensity to commit the crime charged. TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2. The legislative history confirms that the legislature intended to bring the Texas rule in line with the parallel federal practice as reflected in Federal Rules of Evidence 413(a) and 414 which were adopted by Congress in 1994.[3] Senate Comm. on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg., R.S. (2013). A majority of state rules now also allow the prosecution to introduce evidence of the defendant's prior or subsequent sexual misconduct for the purpose of establishing the defendant's propensity to commit sexual offenses. *United States v. Castillo*, 140 F.3d 874, 881 (10th Cir. 1998) (citing

---

[3]  *Compare* TEX. CODE CRIM. PROC. ANN. art. 38.37 § 2(b) (. . . "evidence that the defendant has committed a separate offense . . . may be admitted in the trial of an alleged offense . . . for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.") *with* FED. R. EVID. 414(a) ("In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.").

Thomas J. Reed, *Reading Gaol Revisited: Admission of Uncharged Misconduct Evidence in Sex Offender Cases,* 21 AM. J. CRIM. LAW 127, 171 (1993)).

## B. Due Process - Fundamental Fairness of the Historic Practice

In his brief and argument to this Court, appellant urges that the long-standing prohibition on the use of propensity evidence is so fundamental as to be assured by the Due Process Clause. As a result, appellant claims, the change introduced by article 38.37 is effectively beyond the state legislative power. In particular, appellant's brief urges that the new rule "represents a drastic change in the prior law of extraneous offenses in that it eliminates the single most important reason under prior law for excluding the evidence . . . a reason based primarily on the fundamental fairness required by due process."[4] At oral argument, appellant referred to the change as "shocking," "gigantic," and "world shaking," and clarified that his argument is confined to the federal constitution.

A reasoned argument to prove that a rule of procedure violates due process requires a demonstration that the rule "violate[s] those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Dowling v. United States*, 493 U.S. 342, 352–53 (1990) (citations and quotations omitted). Further, because the Supreme Court has "narrowly" defined those infractions, and declared that "[b]eyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation," *id.* at 352,[5] "not all deviations from established procedures result in constitutional infirmity." *Honda Motor Co. v. Oberg*, 512 U.S. 415, 431 (1994). Instead, according to the Supreme Court there have been only "a handful" of instances where a party's claim of being deprived of liberty or property without the safeguards

---

[4] Likewise, appellant argues that "[t]o advance its determination to punish child sex abuse more severely and effectively, the legislature has impinged on long-established constitutional principles of due process."

[5] Dowling had been tried and acquitted of the armed robbery of Vena Henry. Henry was called as a witness at a subsequent trial involving another robbery to give testimony relating to the acquitted offense. Henry was permitted to testify, notwithstanding Dowling's argument that introduction of evidence of an alleged prior bad act for which he had been tried and acquitted was inherently unfair.

of historic common-law protection against "arbitrary and inaccurate adjudication" resulted in a denial of due process. *Id.* "To hold all procedural change unconstitutional 'would be to deny every quality of the law but its age, and to render it incapable of progress or improvement.'" *Id.* (quoting *Hurtado v. California*, 110 U.S. 516, 529 (1884) (rejecting due process challenge to state law permitting felony prosecution by information rather than indictment)).

Recently, two of our sister courts were confronted with similar, if not identical, due process challenges to amended article 38.37. *See Harris v. State*, 475 S.W.3d 395 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *Belcher v. State*, 474 S.W.3d 840 (Tex. App.—Tyler 2015, no pet.). Both courts concluded section 2 of article 38.37 does not violate the appellant's right to due process. We agree with the reasoning of these courts and their recognition that in enacting section 2(b) of article 38.37 the legislature sought to bring the Texas rule closer to the Federal Rules of Evidence. As the Houston and Tyler courts observed, the federal courts have likewise determined that Federal Rule of Evidence 413, which also allows the admission of evidence of other sexual assaults to show character, does not violate the Fifth Amendment Due Process Clause because it does not implicate a fundamental right. *See Harris*, 475 S.W.3d at 401 (citing *United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998) and *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998)); *Belcher*, 474 S.W.3d at 846. Indeed, as the Tyler court noted article 38.37 is, if anything, more narrowly drawn than the parallel federal rules. *Belcher*, 474 S.W.3d at 846–47 (citing *Castillo*, 140 F.3d at 881).

While appellant correctly argues that article 38.37 abandons an important, traditional rule in cases like his, he has not shown that its treatment of propensity evidence in child-sex-offense trials is either aberrant or unreasonably prone to yielding an arbitrary or erroneous verdict, as he must to establish a due process violation or to distinguish his case from prior authority. *Oberg*, 493 U.S. at 431. While it may be of relatively recent vintage, article 38.37, section 2 cannot be

aberrant when it substantively tracks Federal Rule of Evidence 414, which has withstood constitutional challenge, and is similar to evidentiary rules in a majority of states.

Appellant's apparent attempt to show section 2 of article 38.37 is unreasonably prone to result in an arbitrary or erroneous verdict is limited to arguing the generalized risk associated with propensity evidence—that jurors might vote to convict based on the prior similar conduct alone. However, he does not explain how that unquantified risk would amount to a federal due process violation in any case especially in light of *Dowling* in which the Supreme Court turned aside a due process challenge to the introduction of evidence of a prior bad act for which the Defendant had been already tried and acquitted.[6] Nor does Appellant make a specific showing for cases involving multiple alleged child-sex offenses which are at issue here.

Appellant has not, for instance, attempted to demonstrate why allowing jurors in these cases to consider the propensity inference is especially likely to yield an erroneous verdict where, as here, jurors are properly instructed and the evidence of guilt of the charged offense is substantial and its sufficiency not challenged by appellant. While jurors might more readily choose to credit the evidence before them showing the defendant's guilt of the charged offense in the face of additional evidence proving his propensity, that inference is hardly illogical[7] or barred by the notions of fundamental fairness that animate the Due Process Clause. In fact, similar due process challenges brought by convicted child-sex offenders, have been rejected precisely because courts have held sex offenders are uniquely likely to reoffend. *See United States v. Bacon,* 646 F.3d 218, 222 (5th Cir. 2011) (recognizing an increased risk of recidivism associated with the sexual abuse and exploitation of children).

---

[6] The *Dowling* Court explicitly declined to consider the issue of whether the evidence would be admissible under Federal Rule of Evidence 403. *Id.* at n.4. Appellant refers to rule 403 in his brief, but did not relate it to any constitutional argument under his single issue. Accordingly, no issue regarding rule 403 is raised before us, so nothing in our opinion expresses our view on such an argument.

[7] As a general matter, evidence of defendant's character is historically excluded *despite* its logical relevance. *Michelson v. United States*, 335 U.S. 469, 476 (1948); *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008).

Appellant was required to make his argument with authorities and reasoning that, in view of controlling authorities, he has not made. *See* TEX. R. APP. P. 38.1(i). Thus, on the record and argument before us in this case, we conclude that appellant has not demonstrated the inference jurors might draw in these cases is either inherently arbitrary or necessarily likely to result in erroneous judgments so as to sustain appellant's burden of demonstrating a due process violation. *Oberg*, 493 U.S. at 431; *Green v. State*, 308 S.W.2d 54, 55 (Tex. Crim. App. 1957).

## C. DUE PROCESS - BURDEN OF PROOF AND PRESUMPTION OF INNOCENCE

Appellant's second due process argument maintains that article 38.37, section 2 has the effect of reducing the State's burden of proof on the charged offense and degrades the presumption of innocence in violation of his right to due process under the Fourteenth Amendment. *See In re Winship*, 397 U.S. 358, 363 (1970); *Villarreal v. State*, 286 S.W.3d 321 (Tex. Crim. App. 2009). In particular, appellant's brief urges that "[Texas] Penal Code Section 2.01 and [Texas Code of Criminal Procedure] 38.03 both mandate a presumption of innocence for an accused. That presumption does not exist to the extent that Article 38.37 allows the jury to consider propensity evidence in the determination of guilt/innocence on the charged offense."

We begin by noting that the Supreme Court has "reject[ed] the view that anything in the Due Process Clause bars States from making changes in their criminal law that have the effect of making it easier for the prosecution to obtain convictions." *Montana v. Egelhoff*, 518 U.S. 37, 55 (1996) (citing *McMillan v. Pennsylvania*, 477 U.S. 79, 89, n.5 (1986). In addition, appellant's theory has been dealt with at length in persuasive and well-reasoned opinions of our sister court. *See Distefano v. State*, No. 14–14–00375–CR, 2016 WL 514232, at *8 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.); *Harris*, 475 S.W.3d at 402. Without belaboring the point, the Houston court has held that allowing jurors access to relevant character evidence does not affect the burden of proof or the presumption of innocence on the charged offense, as the State, before

and after the enactment and amendments, had the burden of proving the charged conduct and overcoming the presumption. We agree and reject appellant's second argument under his first issue.

## D.      Due Process - Out of State Offenses

Appellant further complains that there is no requirement in the rule (and no proof here, as it was applied) to establish that the offenses he committed against F.B. were unlawful in the states in which they occurred. More particularly, appellant urges in his brief that "[as] to the underlying acts described in the State notice . . . the question presents itself as to whether they were required to be shown as criminal offenses under the laws of the State of California and Arizona." "The record contains no California or Arizona law on the general principles of criminal responsibility such as chapter 6 of the Texas Penal Code." In this portion of appellant's brief he does not cite any authorities or relate his abstract statements to article 38.37. For example, appellant does not argue how appellant interprets article 38.37 to require proof that appellant's conduct with F.B. was an offense under California or Arizona law, how appellant's conduct in California or Arizona was an element of the offense for which appellant was indicted, or how appellant was punished in this case for his conduct against F.B. in California and Arizona. We have carefully considered appellant's argument and conclude he has failed to support his argument with any facts or legal authority that would support a finding of reversible error.

## E.      EFFECTIVE ASSISTANCE OF COUNSEL

Next, appellant argues the remoteness of the offenses, the fact that F.B. lived in California, and that the extraneous offenses occurred out-of-state precluded his counsel from effectively representing him. More particularly, appellant's brief urges "[t]rial counsel had no reasonable opportunity to defend against the testimony of these extraneous offenses. The

–10–

witness had no apparent contacts with the State of Texas other than his appearance at trial." "Appellant would be entitled, as a matter of confrontation, to introduce extrinsic evidence bearing on the witness's credibility, motive, bias, inconsistency, if such evidence were available to him; however, the remoteness in time and distance effectively precluded any investigation which might have developed such evidence." We construe appellant's "ineffective assistance of counsel" to be a claim that article 38.37, section 2, as applied to appellant, violates the Confrontation and Compulsory Process Clauses. U.S. CONST. amend. VI.

Appellant cites *Pointer v. Texas*, 380 U.S. 400 (1965) and *Garcia v. State*, 149 S.W.3d 135 (Tex. Crim. App. 2004) for the proposition that an accused should not be left to wonder at the nature of the defense he would have had at trial to defend against propensity evidence. But those cases establish an accused has the right to examine the witnesses against him, to offer testimony, and to be represented by counsel; they do not conclude the accused is entitled to pretrial disclosure of the witnesses' testimony. *Pointer*, 380 U.S. at 404; *Garcia*, 149 S.W.3d at 140.

The Confrontation Clause provides two protections for a criminal defendant: the right physically to face those who testify against him, and the right to conduct cross-examination. *Delaware v. Fensterer*, 474 U.S. 15, 18–19 (1985) (per curiam); *Thomas v. State*, 837 S.W.2d 106, 110 (Tex. Crim. App. 1992) (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 51 (1987). The record shows F.B. was physically present at trial and appellant's trial counsel was afforded the opportunity to cross-examine him, without any limitation. Nevertheless, appellant claims that because F.B. and persons to whom he disclosed the abuse resided outside the state of Texas, appellant's trial counsel did not have practical access to the information he needed to prepare appellant's defense, which might have impacted counsel's ability to effectively cross-examine F.B. in some way. While appellant calls this complaint a denial of his right to effective counsel,

–11–

in essence, his complaint is one about the ability to conduct pretrial discovery.

We first note that the right to confrontation is a *trial* right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination. *See California v. Green*, 399 U.S. 149, 157 (1970); *Vanmeter v. State*, 165 S.W.3d 68, 74 (Tex. App.—Dallas 2005, pet. ref'd). The right to question adverse witnesses does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony. *Ritchie*, 480 U.S. at 53; *Martin v. Darnell*, 960 S.W.2d 838, 841 (Tex. App.—Amarillo 1997, no pet.). Normally the right to confront one's accusers is satisfied if defense counsel receives wide latitude at trial to question witnesses. *Ritchie*, 480 U.S. at 53. Except for routine evidentiary rulings that appellant has not challenged on appeal, the trial court placed no limitation on the scope of appellant's cross-examination of F.B. Consequently, we conclude that there was no violation of the Confrontation Clause in this case.

Regarding the Compulsory Process Clause, appellant argues because F.B. and the individuals to whom F.B. disclosed the abuse, resided outside the state of Texas, he was denied the opportunity of learning the possible identity of witnesses who might establish a bias or motive for F.B.'s testimony. As noted, appellant was not on trial for an offense in California. The evidence concerning his out-of-state conduct was admitted to show his character and propensity. To the extent appellant required further information relative to F.B. after receiving the required notice of the State's intent to introduce evidence of sexual offenses appellant committed against F.B., the record does not reflect what investigative efforts were undertaken by appellant regarding F.B., or indicate that appellant was precluded from availing himself of any discovery procedures. We therefore conclude there was no violation of the Confrontation and Compulsory Process Clauses in this case.

We are not persuaded by appellant's confrontation and compulsory process arguments.

–12–

**CONCLUSION**

We overrule appellant's sole issue and affirm the trial court's judgment.


/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


DO NOT PUBLISH
TEX. R. APP. P. 47

141118F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID ALLEN FRONEK, Appellant

No. 05-14-01118-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-14-66.
Opinion delivered by Justice Schenck.
Justices Evans and  Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 6th day of June, 2016.