Daniel DeANDA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 975–87—979–87.

Court of Criminal Appeals of Texas, En Banc.

March 8, 1989.

Rehearing Denied May 10, 1989.

Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Robert Dinsmoor, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury in a single trial on three indictments charging attempted capital murder and on two indictments charging attempted murder. The jury also assessed punishment as life imprisonment for each attempted capital murder conviction and 20 years imprisonment for each attempted murder conviction, the sentences to run concurrently. The Eighth Court of Appeals affirmed appellant's convictions in an unpublished opinion. *De Anda v. State*, (Tex.App.—El Paso No. 08–86–00200–CR, June 17, 1987). We granted appellant's petition for discretionary review to determine whether the Court of Appeals improperly reformed the judgment of the trial court to reflect that the affirmative finding of use of a deadly weapon in all five causes was made by the jury and not the trial judge.

The sufficiency of the evidence to support the convictions is not challenged. We therefore adopt the Court of Appeals' brief recitation of the facts:

> This and the four companion cases arise out of a single episode on October 14, 1985, in which Appellant initiated a sniper attack on two Border Patrol agents, seriously wounding one of them. A prolonged gun battle ensued with additional Border Patrol agents, uniformed patrol officers of the El Paso Police Department and the latter's S.W.A.T. team. The incident led to five indictments with five members of the El Paso Police Department designated as complainants.

In the Court of Appeals appellant argued the trial court erred in entering an affirmative finding of his use of a deadly weapon since the jury was the fact finder at both phases of his trial. The judgment in each of the causes reads:

> The Court, upon the verdict of the jury, which found the Defendant guilty as

charged,[1] enters the affirmative finding that the defendant used a deadly weapon in the commissio (sic) of the offense and the further affirmative finding that the deadly weapon used was a firearm.

The Court of Appeals held, on the basis of *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App. 1985), that the judgment improperly ascribed the affirmative finding to the trial judge and that the judgment must be reformed to reflect that the affirmative finding is attributable to the jury, not the court.

█ The Court of Appeals correctly held that the judgment improperly ascribed the affirmative finding to the trial court. We stated in *Polk*, supra, that when the jury determines a defendant's guilt and punishment, it is the proper fact finder to determine whether the defendant used a deadly weapon. Thus a properly worded affirmative finding should indicate that the jury made the finding. See *Polk*, supra at 394–395. The real issue in this cause, however, is whether an affirmative finding was actually made within the dictates of *Polk*, supra.

In *Polk*, supra at 394, this Court set out three instances in which an affirmative finding may be properly made:

> 1. the indictment specifically alleges the words "deadly weapon" in describing the weapon used and the verdict reads guilty "as charged in the indictment";
> 2. the indictment names a weapon which is per se a deadly weapon and the verdict reads guilty "as charged in the indictment"; or
> 3. a special issue is submitted during the punishment phase of trial to the trier of fact and answered affirmatively.

In its opinion, the Court of Appeals correctly stated that neither the first nor the third instance above applies in these causes. The indictments did not allege the words "deadly weapon" in describing the weapon used and there was no special issue submitted to the jury via the charge at punishment. A proper affirmative finding could only be made in these causes if the indict-

---

1. The judgment was typewritten except for the phrase "which found the Defendant guilty as charged" which was handwritten and apparently inserted after the judgment was prepared.

ments alleged a deadly weapon per se and appellant was found guilty "as charged in the indictment".

■ The weapon alleged to have been used in each of the indictments was a rifle.[2] The Court of Appeals held that the allegation of a rifle, without further descriptive qualification, see *Bravo v. State*, 627 S.W. 2d 152 (Tex.Cr.App.1982) (30–30 caliber rifle is a deadly weapon per se), alleges a firearm and hence a deadly weapon per se. In so holding, the Court of Appeals reasoned "[c]ommon sense dictates that rifle be immediately associated with firearms since "rifling" is peculiar to that mode of projectile expulsion. Indeed, the dictionary restricts the definition of "rifle" to firearms ..." Since a firearm is a deadly weapon by definition, V.T.C.A. Penal Code § 1.07(a)(11)(A), the Court of Appeals concluded a rifle is a deadly weapon per se.

"Deadly weapon" is defined in section 1.07 of the Texas Penal Code. Section 1.07(a)(11), supra, states:

"Deadly weapon" means:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

"Firearm" is not defined in Section 1.07, supra, but it, along with "short-barrel firearm", is defined in V.T.C.A. Penal Code § 46.01. We may use that section as an aid to determining whether a designated weapon is a "deadly weapon" within the context of an affirmative finding. See *Ex parte Franklin*, 757 S.W.2d 778 (Tex.Cr.App. 1988). Section 46.01 provides in pertinent part:

(3) "Firearm" means any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burn-

ing substance or any device readily convertible to that use ...

(10) "Short-barrel firearm" means a *rifle* with a barrel length of less than 16 inches or ... any weapon made from a shotgun or *rifle* ... (emphasis added)

From these definitions it is clear that a rifle is a type of firearm. Since a firearm is a deadly weapon by statute, we agree with the Court of Appeals' holding that a rifle is a deadly weapon per se.[3]

After finding a rifle is a deadly weapon per se, the Court of Appeals held that the second alternative under *Polk*, supra, and *Easterling v. State*, 710 S.W.2d 569 (Tex. Cr.App.1986), had been satisfied and reformed the judgment to reflect that the jury had made the affirmative finding of use of a deadly weapon in commission of the alleged offenses. Under this second alternative, the trier of fact must find the defendant guilty "as charged in the indictment" for an affirmative finding to be made as a matter of law pursuant to the requirements of *Polk*, supra at 394. See also *Ex parte Flannery*, 736 S.W.2d 652 (Tex.Cr.App.1987).

The guilty verdicts in the five causes do not refer back to the indictments. The verdicts merely state that appellant was found guilty of attempted capital murder or attempted murder. Thus, there was no proper affirmative finding made in any cause upon the rendering of the guilty verdicts. The verdicts at punishment, however, all contain the following recitation:

We, the jury, having found the defendant, Daniel De Anda, guilty of [Attempted Capital Murder or Attempted Murder] as charged in the indictment and (sic) assess punishment at...

We hold that this punishment verdict constitutes a proper affirmative finding under the reasoning of *Polk*, supra. Thus, the

**2.** The indictments charging attempted capital murder alleged a "rife" as the weapon used. These indictments were changed to allege "rifle" by the insertion of a handwritten "l". The Court of Appeals overruled appellant's contention that the misspelling of "rifle" was a fatal defect in the indictments.

**3.** We also agree with the Court of Appeals that "[w]e may be able to conjure up some example of ... [a] pistol, revolver or rifle which is not functionally a firearm per definition in [section 46.01(3)], but common sense should prevail over speculative fancy."

Court of Appeals correctly reformed the judgments to reflect an affirmative finding by the jury, the trier of fact at punishment.

Appellant also contends, *inter alia*, in four grounds for review, that the Court of Appeals erred in holding that the parole law jury charge given pursuant to Art. 37.07, § 4, V.A.C.C.P., is constitutional. We agree with appellant and hold that the Court of Appeals did err in light of our recent decision in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988) (Opinion on Rehearing).

Appellant failed to object to the charge at trial; however, we held in *Rose*, supra, that the failure to object to that charge did not waive a defendant's right to challenge the constitutionality of the charge upon appeal. We also held in *Rose*, supra, that Art. 37.07, § 4, supra, violated the separation of powers and due course of law provisions of the Texas Constitution and that if an instruction was given under Art. 37.07, § 4, supra, a harmless error analysis must be conducted pursuant to Tex.R.App.Pro. 81(b)(2) to determine whether a reversal of the trial court judgment is necessary.

The judgment of the Court of Appeals is therefore vacated and this cause is remanded to the Court of Appeals for a harm analysis consistent with this opinion.

CLINTON and TEAGUE, JJ., dissent.