**Ex parte Samuel KIRKLAND.**

**No. 70,094.**

Court of Criminal Appeals of Texas.

March 22, 1989.

Rehearing Denied April 19, 1989.

Curtis C. Mason, Huntsville, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

MILLER, Judge.

This is a post conviction writ of habeas corpus brought pursuant to V.A.C.C.P., Art. 11.07, Sec. 2. Applicant was convicted by a jury of murder. The jury also assessed punishment, enhanced by a prior conviction for robbery by assault, at 99 years imprisonment in the Texas Department of Corrections. The judgment reflects an affirmative finding of use of a deadly weapon in commission of the offense.

In his application, applicant contends the trial court was not authorized to enter an affirmative finding that he used or exhibited a "deadly weapon" in commission of the murder for which he stands convicted. The judgment reflects the following affirmative finding:

> ... and the Court further found that a deadly weapon, to-wit, a firearm, was used during the commission of this offense

The record reflects the indictment returned against applicant alleged that he did,

> intentionally and knowingly cause the death of Melvin E. Melton ... by shooting [him] with a firearm.

It is further presented that in Harris County, Texas, [applicant] ... did ... intend to cause the death of [Melvin E. Melton] ... and did cause the death of [Melvin E. Melton] by intentionally and knowingly committing an act clearly dangerous to human life, namely, by shooting [him] with a firearm.

We hold a proper affirmative finding was made in this case under the dictates of *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App. 1985). In *Polk*, supra at 396, we held that where the jury is the trier of fact the trial court properly enters an affirmative finding of the defendant's use of a deadly weapon during commission of the offense where a firearm is specifically pled in the indictment and the jury finds the defendant guilty "as charged in the indictment."

The indictment in this case pled "firearm", and the court's charge to the jury authorized a conviction for murder upon a finding that applicant caused the death of the victim by shooting him with a firearm. The jury's verdict at guilt/innocence did not refer back to the indictment but found applicant "guilty of the offense of murder." The verdict at punishment, however, stated in part:

> We, the Jury, having found the defendant guilty of the offense charged in the indictment, ...

Under our recent decision in *De Anda v. State*, 769 S.W.2d 522 (Tex.Cr.App.1989), this constitutes an affirmative finding by the jury. Thus, applicant is denied relief.

We will reform the judgment in this cause, however, to reflect that the jury, not the trial court, made this affirmative finding since the jury was the trier of fact. See *Polk*, supra. A copy of this opinion shall be forwarded to the Texas Depart-ment of Corrections and to the Texas board of Pardons and Paroles. It is so ordered.

CLINTON and TEAGUE, JJ., dissent.