Daniel De ANDA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–86–00200–CR.

Court of Appeals of Texas,
El Paso.

Nov. 29, 1989.

Joseph A. Calamia, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION ON REMAND

FULLER, Justice.

This and four companion appeals arise out of a single episode on October 14, 1985, in which Appellant initiated a sniper attack on two Border Patrol agents, seriously wounding one of them. A prolonged gun battle ensued with additional Border Patrol agents, uniformed patrol officers of the El Paso Police Department and the latter's S.W.A.T. team. The incident led to five indictments with five members of the El Paso Police Department designated as complainants. For clarity's sake, the cases, trial and appellate numbers and results are as follows:

| Victim | Appellate No. | TC No. | Verdict | Sentence |
|---|---|---|---|---|
| M. Reta | 08–86–00200–CR | 46382 | Att. Capital Murder | Life |
| A. Rayas | 08–86–00201–CR | 46383 | Att. Capital Murder | Life |
| L. Williams | 08–86–00202–CR | 46384 | Att. Murder | 20 Years |
| G. Salas | 08–86–00203–CR | 46385 | Att. Murder | 20 Years |
| A. Mills | 08–86–00204–CR | 46392 | Att. Capital Murder | Life |

On June 17, 1987, this Court affirmed the convictions in unpublished opinions, erroneously overruling Appellant's constitutional challenge to the delivery of a parole instruction to the jury under former Tex. Code Crim.Pro.Ann. art. 37.07, sec. 4. That error was ultimately corrected by the Court of Criminal Appeals in a published opinion of March 8, 1989, 769 S.W.2d 522. The judgments of this Court were vacated and the causes remanded to us for a harm analysis under *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988).

Despite the absence of a trial objection to the instruction, under *Rose* and Tex.R. App.P. 81(b)(2), this error must result in reversal and remand unless the appellate

court determines beyond a reasonable doubt that the error made no contribution to the punishment verdict. Tracking the method of analysis employed by Judge Campbell in the rehearing opinion in *Rose*, we are unable to conclude that the error was harmless beyond a reasonable doubt.

Unlike the charge reviewed in *Rose*, the present charge did not include a second prohibiting instruction advising the jury not to discuss parole factors, those coming within the exclusive jurisdiction of the Board of Pardons and Paroles and the governor. That is particularly significant in this case which, apparently unlike *Rose*, involved significant prosecutorial reference to parole during both segments of the State's argument at the punishment stage. In the opening remarks, the first prosecutor stated that, "the main thing" she would like to point out was the section on parole law. She delivered a four page argument—one page devoted to the range of punishment for each offense, one and one-half pages devoted to the parole law and one and one-half pages to the mechanics of filling out the verdict forms. In referring to good conduct time, she stated, "and that's time they don't have to serve, that they're given as a reward." She advised the jury that parole can result in a *considerable* reduction in time actually served, and that a life sentence can be served in twenty years. Her concluding remark on parole was that the jury's job was to assess the correct penalty for each offense committed "but knowing that a life sentence maybe [sic] reduced to as little as twenty years in the Texas Department of Corrections." The prosecutor then expressly declined to ask for a fine which "would probably be imposing a penalty on his parents and not him." She simply asked for a maximum life sentence in each of the attempted capital murder cases and a maximum twenty year sentence in each of the attempted murders.

The second prosecutor, in closing, actually addressed evidence of mitigation and aggravation before repeating the request for maximum imprisonment. Of course, he too felt compelled to remind the jurors that:

Like the jury instructions tell you, a life sentence means it's possibly as little as twenty years.

Appellant is incorrect in asserting that the instruction concerning good conduct time was erroneous given the deadly weapon finding in this case. The instruction correctly stated that Appellant's minimum eligibility for parole would be computed without regard to good time. Nonetheless, the parole instruction as a whole was error, and the noted arguments by the State, standing alone, preclude a finding of harmless error beyond a reasonable doubt.

Turning briefly to the other factors utilized by Judge Campbell, we make the following observations. To say that the nature of the offense was serious would be the understatement of the year. Appellant initiated a sniper attack on two Border Patrol agents, seriously wounding and paralyzing one. The five indicted cases involved attempted murders of members of the El Paso Police Department responding to the initial attack. On the other hand, Appellant presented strong evidence of insanity which, rejected as a defense, was nonetheless available as a mitigating factor. Even viewed by the jury as voluntary intoxication with drugs or temporary insanity from such a voluntary intoxication, the evidence was of mitigating value. There was no mitigation in *Rose*.

The attempt to present an insanity defense and Appellant's testimony at punishment did disclose past misconduct on Appellant's part: physical fights with his ex-wife, use of marihuana, L.S.D. and P.C.P., an assault on a petty officer during service in the U.S. Navy, absence without leave from the service and a misdemeanor conviction in California for carrying a concealed weapon. On the other hand, these events were connected to the evidence of insanity. They do not reflect the criminal character depicted by the prior record in *Rose* (five felony convictions including burglary, forgery and two robberies). These additional factors, coupled with the prosecutors' argument references to parole, dictate the need for reversal and remand. See Tex.Code Crim.Pro.Ann. art. 44.29(b)(Vernon Supp.

1989). *Ex parte Sewell,* 742 S.W.2d 393 (Tex.Crim.App.1987).

The judgment is hereby reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.