In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-232 CR


____________________



WILLIAM DAVID WILSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR25305






MEMORANDUM OPINION


 Appellant, William David Wilson, appeals his conviction for having committed the
felony offense of Unlawful Possession of a Firearm. See Tex. Pen. Code Ann. § 46.04(a)(1)
(Vernon Supp. 2005). Two prior convictions included in Wilson's indictment raised his
punishment to a second degree felony. See Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon
Supp. 2005). The jury assessed Wilson's punishment at twenty years imprisonment and a
$10,000 fine. Wilson presents two issues for review. The first contends the trial court
abused its discretion in denying Wilson's motion for new trial and motion for arrest of
judgment "when the testimony clearly showed jury misconduct in failing to follow the
Court's instructions concerning parole." The second issue argues the evidence was
insufficient to prove the "rifle" admitted into evidence was a firearm.

 The record reflects that following his conviction, Wilson timely filed a motion for new
trial and arrest of judgment alleging, inter alia, "[a]n outside influence was improperly
brought to bear upon members of the jury," and "[b]ecause of this outside influence members
of the jury awarded a more severe punishment." Included in the record are affidavits from
three of the jurors. Each affidavit contained explicit information with regard to the jury's
punishment deliberations and an explanation as to how the jury reached Wilson's twenty-year prison sentence. At the hearing on Wilson's motion for new trial, only one of the three
jurors who provided affidavits was present to testify. Prior to the juror's testimony, the State
lodged an objection based upon Tex. R. Evid. 606(b) and essentially argued that the
testimony was entirely inadmissible. During the juror's testimony, the State again objected
to the trial court's making any use of the affidavits or the testimony of the juror, as both
evidenced the jury's "deliberative mental processes." In its reply brief, the State contends
that while the trial court did not err in denying Wilson's motion for new trial, the trial court
did err in permitting the juror to testify about the jury's punishment deliberations and in
making any use of the three juror affidavits. 

 At the outset, we address Wilson's issue claiming juror misconduct; Wilson relies on
juror testimony and affidavits. The State objected to the trial court's consideration of that
evidence. Malley v. State, 9 S.W.3d 925, 927 (Tex. App.--Beaumont 2000, pet. ref'd). We
find the plain language of Tex. R. Evid. 606(b) to be dispositive here. It reads as follows:

 (b) Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the
validity of a verdict or indictment, a juror may not testify as to any matter or
statement occurring during the jury's deliberations, or to the effect of anything
on any juror's mind or emotions or mental processes, as influencing any
juror's assent to or dissent from the verdict or indictment. Nor may a juror's
affidavit or any statement by a juror concerning any matter about which the
juror would be precluded from testifying be admitted in evidence for any of
these purposes. However, a juror may testify: (1) whether any outside
influence was improperly brought to bear upon any juror; or (2) to rebut a
claim that the juror was not qualified to serve. 


 In the instant case, although Wilson's motion for new trial was couched in terms of
"outside influence," the contents of the three affidavits consist entirely of matters involving
the formal punishment deliberations, specifically the possible effects of parole on Wilson's
period of incarceration. This is a topic the jury was expressly instructed not to consider in
deliberating the proper punishment for Wilson. See also Tex. Code Crim. Proc. Ann. art.
37.07, § 4(c) (Vernon Supp. 2005). While this fact may amount to juror misconduct under
Tex. R. App. P. 21.3(g) supporting grounds for the granting of a new trial, evidence of such
misconduct "must come from some source other than a fellow juror's testimony about
deliberations." See, e.g., Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 371 (Tex.
2000). Because the only evidence of the misconduct during formal punishment deliberations
was from the jurors themselves, it was entirely incompetent for the intended purpose of
impeaching the jury's punishment verdict. The trial court erred in admitting such evidence
and we decline to consider it as it could not support a ruling in Wilson's favor under the
circumstances presented. See generally City of Keller v. Wilson, 168 S.W.3d 802, 812 (Tex.
2005) (incompetent evidence legally insufficient to support a judgment). Wilson's first issue
is overruled.

 Issue two avers the evidence was insufficient to prove the rifle in question was a
firearm. Under this issue, Wilson provides no case authority so as to better inform us under
what appellate standard we should examine this issue. His brief appears to indicate, and we
so find, that there was both legally and factually sufficient evidence to support the fact that
appellant was seen carrying a sack containing a rifle. See Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004), cert. denied, ___ U.S. ___, 125 S.Ct. 1697, 161 L.Ed.2d
528 (2005); Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). The State
specifically asked Sergeant John Coleman of the Dayton Police Department, the officer who
observed Wilson carrying the sack containing the rifle, if the rifle he recovered when Wilson
fled the scene was a firearm, to which Coleman replied, "Yes, sir, it is." Wilson made no
objection to this testimony. On appeal, Wilson frames this issue in the following manner: 

 Officer Coleman, during direct examination, testified that the "rifle is a
firearm." The record is absent any evidence qualifying the "rifle" as a firearm. 
The Court in it's [sic] charge defined "firearm" as ". . . any device designed,
made, or adapted to expel a projectile through a barrel by using the energy
generated by an explosion or burning substance or any device readily
convertible to that use." This is the same definition found in the Texas Penal
Code at [46.01](3). 


 . . . .


 Notwithstanding the various cases that indicate a rifle is a firearm,
Appellant argues to the Honorable Court that not all rifles are firearms. . . .
[T]he fact remains that merely calling a rifle a firearm does not meet the
threshold of the statute. 


 . . . .


 . . . [S]ince the Penal Code defines "firearm" and since the Court
defined "firearm[,]" there should be some evidence or testimony that the rifle
introduced in this case actually falls within the definition of the Penal Code,
and absent any testimony as such, the evidence is insufficient to support a
conviction. (citation to record omitted).


 Wilson provides no case or statutory authority to support his very particularized
assertion. He acknowledges the existence of "various cases" which have found a rifle to be
a firearm. See, e.g., DeAnda v. State, 769 S.W.2d 522, 523-24 (Tex. Crim. App. 1989) (Rifle
is a type of firearm). Although cogent and directly applicable to the issue raised, this is
apparently not the specific argument Wilson is intending to urge upon us. While an appellant
may make a novel or unique argument for which there is no authority directly on point, he
must ground his contention in analogous case law or provide the reviewing court with the
relevant jurisprudential framework for evaluating his claim. Tong v. State, 25 S.W.3d 707,
710 (Tex. Crim. App. 2000). Issue two is overruled, and the judgment of the trial court is
affirmed.

 AFFIRMED. 


 ___________________________ 
 CHARLES KREGER

 Justice


Submitted on December 1, 2005

Opinion Delivered March 29, 2006

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.