# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00307-CR

Adolph Favela, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2011-364, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Adolph Favela of (1) evading arrest with a vehicle, (2) tampering with physical evidence, (3) unlawful possession of a firearm by a felon, and (4) theft of a firearm, all growing out of a vehicle burglary and subsequent high-speed chase to avoid capture. *See* Tex. Penal Code Ann. §§ 31.03 (West Supp. 2012) (theft of firearm); 37.09 (West Supp. 2012) (tampering with evidence); 38.04 (West Supp. 2012) (evading arrest); 46.04(a) (West 2011) (felon in possession of firearm).[1]  Punishment, enhanced by seven prior felony convictions, was assessed at 99 years' imprisonment on each count, to be served concurrently.  *See id.* § 12.42 (West Supp. 2012) (sentencing enhancements for habitual offenders).  On appeal, appellant asserts that the evidence is insufficient to support his convictions for tampering with physical evidence, unlawful

---

[1]  We cite to the current versions of the applicable statutes for convenience because there have been no intervening amendments that are material to our disposition of the issues on appeal.

possession of a firearm, and theft of a firearm. Appellant also seeks a new trial on punishment based on improper jury argument. We will affirm the judgments of conviction.

**DISCUSSION**

In appellate issues two, three, and four, appellant challenges the sufficiency of the evidence to support each of his convictions except the one for evading arrest with a vehicle. The evidence-sufficiency standards are well established and not disputed in this case, so we need not rearticulate them for purposes of our analysis. *See Jackson v. Virginia*, 443 U.S. 307, 313 (1979) (evidence-sufficiency standards in criminal cases); *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (same); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (same); *see also* Tex. R. App. P. 47.1 (court of appeals opinions to be as brief as practicable while addressing every issue necessary to final disposition).

In issue two, appellant challenges his conviction for tampering with physical evidence, arguing that there is insufficient evidence that he intentionally altered, destroyed, or concealed physical evidence. Appellant was indicted for tampering with physical evidence based on the condition and location of a stolen weapon—a black Stevens Model 310 .17 caliber rifle ("rifle" or "Stevens Model rifle")—that police found on the side of the road after it was stolen from a truck parked at a motel and after appellant, driving a vehicle suspected in the vehicle burglary, attempted to evade capture by leading police on a high-speed chase. He was charged under the following provisions of section 37.09 of the penal code:

2

(a)     A person commits an offense [of tampering with physical evidence] if, knowing that an investigation or official proceeding is pending or in progress, he:

(1) alters, destroys, or conceals any . . . thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]

. . . .

(d)     A person commits an offense [of tampering with physical evidence] if the person:

(1) knowing that an offense has been committed, alters, destroys, or conceals any . . . thing with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation of or official proceeding related to the offense[.]

Penal Code § 37.09. Appellant contends there is insufficient evidence that (1) the rifle was altered, destroyed, or concealed to prevent use as evidence because it was recovered with its serial number intact and it was not changed or concealed in a way that would have impeded the State's prosecution, (2) the weapon's condition and location were the result of intentional, as opposed to accidental, conduct, and (3) he—rather than the passenger in his vehicle—was responsible for the rifle's condition and location.

Evidence introduced at trial established that, after several hours of searching, police found the stolen rifle on the side of the road along the route through which appellant led police on a high-speed vehicle pursuit. Other property stolen from the victim's truck was also found on the side of the road, and additional property stolen from the victim's truck was found in the vehicle that appellant abandoned on the highway when he fled on foot. The rifle was introduced into evidence

3

at trial and was identified by the victim as having been one of the weapons stolen from his truck.[2] The victim testified that the rifle was in worse condition than when it was stolen and stated, "There's no way this will fire again." Officer Chad Simmons further identified the weapon as the one found on the side of the road, noting that when police found the rifle, the stock was broken in half and the barrel was plugged with mud. This evidence is sufficient to allow the jury to find, at a minimum, that the weapon was concealed with the intent to impair its availability in a subsequent prosecution and that it did not merely fall out of appellant's vehicle, as he suggests on appeal. *See* Penal Code § 6.03(b) (West 2011) (defining "intentional" and "knowing" mental states); *Lujan v. State*, No. 07-09-00036-CR, 2009 WL 2878092, at *2 (Tex. App.—Amarillo Sept. 9, 2009, no pet.) (mem. op., not designated for publication) (stating that "conceal" in tampering-with-evidence statute means "to prevent disclosure or recognition of" or "to place out of sight" and upholding determination that defendant "concealed" crack pipe by throwing it 15 feet away as police officer approached); *cf. Anzaldua v. State*, 696 S.W.2d 911, 912 (Tex. Crim. App. 1985) (plain meaning of term "conceal" in hindering-a-secured-creditor statute is "to hide, secrete, withhold from the knowledge of others; to withdraw from observation" (quoting Black's Law Dictionary (1968))).

Moreover, there is sufficient evidence that, after the rifle's removal from the victim's truck, appellant and the passenger in his vehicle had access to and possession of it in the vehicle appellant was driving, and that it was deposited on the side of the road by one or both of them between the time it was stolen and the time appellant abandoned his vehicle. Furthermore, appellant fled on foot to evade capture, evidencing consciousness of guilt, while his passenger remained in the

---

[2] A second stolen weapon was never recovered.

4

vehicle.[3] The jury was properly charged regarding the law of parties, and there is sufficient evidence from which the jury could have found either that appellant was the principal actor or that he aided, encouraged, or attempted to aid his passenger in concealing the weapon. *See* Penal Code §§ 7.01-.02 (West 2011) (criminal responsibility for conduct of another). Accordingly, there is sufficient evidence to sustain appellant's conviction for tampering with physical evidence. We overrule appellant's second appellate issue.

In his third appellate issue, appellant contends the evidence is insufficient to support his conviction for unlawful possession of a firearm because there is no evidence that he actually possessed the Stevens Model rifle charged in the indictment and the jury was not instructed on the law of parties as to this charge. Possession is an essential element of the crime of unlawful possession of a firearm. *See id.* § 46.04(a) (elements of crime for felon in possession of firearm). "Possession means actual care, custody, control, or management." *Id*. § 1.07(a)(39) (West Supp. 2012). A person commits a possession offense only if he voluntarily possesses the prohibited item. *See id.* § 6.01(a) (West 2011). "Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." *Id.* § 6.01(b).

With regard to the element of possession, the State must show that appellant knew of the firearm's existence and that he exercised actual care, custody, control, or management over it. *Grantham v. State*, 116 S.W.3d 136, 143 (Tex. App.—Tyler 2003, pet. ref'd). The evidence used

---

[3] During the punishment phase of the trial, it was disclosed that appellant successfully evaded capture for more than two weeks and again fled in a vehicle and on foot when marshals attempted to arrest him on the warrants issued in this case.

to satisfy these elements may be direct or circumstantial, but the accused's connection with the firearm must be more than merely fortuitous. *Davis v. State*, 93 S.W.3d 664, 667 (Tex. App.—Texarkana 2002, pet. ref'd). The State, however, need not prove that the accused had exclusive possession of the firearm; joint possession is sufficient to sustain a conviction. *Smith v. State*, 176 S.W.3d 907, 916 (Tex. App.—Dallas 2005, pet. ref'd) (citing *Cude v. State*, 716 S.W.2d 46, 47 (Tex. Crim. App. 1986) (involving possession of controlled substance)). When there is no evidence the actor was in exclusive control of the place where the firearm was found, the State must offer additional, independent facts and circumstances affirmatively linking him to the firearm. *See id.* (citing *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (involving possession of controlled substance)); *Grantham*, 116 S.W.3d at 143. The purpose of affirmatively linking the accused to the firearm is to protect innocent bystanders from conviction based solely on their fortuitous proximity to the firearm. *See Poindexter*, 153 S.W.3d at 406.

> In determining whether sufficient affirmative links exist, we examine factors such as whether the firearm was in plain view, whether appellant owned the [place] where the firearm was found, whether he was in close proximity to the firearm and had ready access to it or whether it was found on him, whether he attempted to flee, whether his conduct indicated a consciousness of guilt, whether he had a special connection to the firearm, whether the firearm was found in an enclosed space, and whether he made incriminating statements. No set formula of facts exists to dictate a finding of affirmative links sufficient to support an inference of knowing possession of contraband. It is the "logical force" of the factors, not the number of factors present, that determines whether the elements of the offense have been established.

*Smith*, 176 S.W.3d at 916 (citations omitted).

In the present case, the Stevens Model rifle was taken from the victim's truck and linked to other stolen property belonging to the victim, which was found in a vehicle over which appellant exercised control. Although there was a passenger in the vehicle who might also have exercised control over the rifle, appellant had ready access to it and he attempted to flee, indicating consciousness of guilt. Based on this evidence, the jury could have determined beyond a reasonable doubt that appellant at least had joint possession of the rifle.

Appellant further contends in appellate issues three and four that there is insufficient evidence that the Stevens Model rifle was a "firearm" within the meaning of the penal code, as required to support his convictions for unlawful possession of a firearm by a felon and theft of a firearm. *See* Penal Code §§ 31.03 (elements of theft-of-firearm offense); 46.04(a) (elements of felon-in-possession-of-firearm offense). A "firearm" means "any device designed, made, or adapted to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use," *id.* § 46.01 (West 2012), and the jury was so charged. At trial, the judge stated that the rifle was a firearm, but no witness expressly stated as much. The owner of the gun testified that it was a long-barrel rifle that he used with a scope for target practice. He further testified that, after the rifle was stolen, he was "in a real bad state knowing that [he] had a weapon that was out on the street with . . . live ammunition in it and not knowing where that was." In discussing the gun's condition after it was stolen and recovered, he stated, "There's no way this will fire again." From this testimony and the jury's visual examination of the rifle, which was admitted into evidence, the jury could have determined beyond a reasonable

7

doubt that the stolen Stevens Model rifle was a "firearm" as defined in the penal code.  We therefore overrule appellate issues three and four.[4]

Finally, in appellate issue one, appellant maintains that he is entitled to a new punishment hearing due to improper jury argument.  During closing argument in the punishment phase of the trial, defense counsel argued that appellant should be sentenced at the lower end of the sentencing range rather than the maximum sentence of 99 years or life in prison.  In that regard, counsel argued:

> [W]hat I can tell you is that this man right here, this is somebody's son.  Okay?  This is a man that, at some point in time, he's a nine-year-old boy; he's a five-year-old boy; he's a baby; he's 10; he's 12; he's 13; he's 14; he's 15.  It's somebody—he has a mother.  He's got a family.  And please don't forget that when you're looking at his overall situation.

In rebuttal, the prosecutor responded to defense counsel's argument, stating:

> [Defense counsel] went through the argument that most people go through when they don't have much else to say and that's to tell you he's somebody's son.  That ain't the first time I've heard it.  If there ain't anything else you can say about your client, you can always go with that one.

---

[4] We also note that Texas courts have recognized rifles to be "firearms" as a matter of law. For example, in *DeAnda v. State*, the defendant was charged by indictment with using a "rifle" while committing the charged offenses, but the indictment failed to use the words "deadly weapon" in describing the rifle.  769 S.W.2d 522, 523 (Tex. Crim. App. 1989).  On appeal, the defendant challenged the affirmative findings that the rifle was a firearm and a deadly weapon.  *Id.*  Based on the statutory definition of "firearm" applicable in this case and the statutory definition of "short-barrel firearm," the court of criminal appeals determined that "a rifle is a type of firearm" and because a firearm is a deadly weapon under the penal code, a rifle is a deadly weapon per se.  *Id.* at 524.

Defense counsel objected that the prosecutor's argument improperly struck at appellant over the shoulders of his attorney. *See Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) ("This Court maintains a special concern for final arguments that result in uninvited and unsubstantiated accusation of improper conduct directed at a defendant's attorney."). The trial court responded that "it's very close" and instructed the prosecutor to "[b]e careful." The prosecutor continued as follows:

> Everybody is somebody's son. Everybody. You can pick the worst person you can think of in the history of this planet and they were somebody's son. Really, is that the best you've got?

Defense counsel again objected on the basis of improper jury argument, and this time the objection was overruled. On appeal, appellant contends that the trial court erred in overruling the objections to the prosecutor's argument and argues, without citation to authority, that we must presume harm.

Argument that strikes at the accused through his counsel is beyond the bounds of permissible jury argument. *Id.* at 259; *see also Gomez v. State*, 704 S.W.2d 770, 771-72 (Tex. Crim. App. 1985) (prosecutor's argument that defense counsel manufactured evidence and was "paid to get this defendant off the hook" was improper); *Lopez v. State*, 500 S.W.2d 844, 846 (Tex. Crim. App. 1973) (prosecutor's argument that defendant and defense counsel were lying when they entered not guilty plea was improper). "Although it is impossible to articulate a precise rule regarding these kinds of argument, it is fair to say that a prosecutor runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." *Mosley*, 983 S.W.2d at 259.

In making this determination, we must not view the prosecutor's statements in isolation, but rather in the context in which they are made. *See, e.g.*, *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988) (propriety of jury argument is examined in context in which challenged remarks appear).

In the present case, the prosecutor's comments are similar to those found to be permissible in *Coble v. State*, 871 S.W.2d 192 (Tex. Crim. App. 1993). In *Coble*, defense counsel argued that the defendant was not guilty of capital murder because the multiple murders allegedly committed by his client had not occurred in the "same criminal transaction." *Id.* at 203. The prosecutor responded by arguing, "There is a saying among lawyers that if you don't have the law on your side, you try the facts. If you don't have the facts, you try to argue the law. And when you have neither on your side, you argue something ridiculous." *Id.* The court of criminal appeals held that the prosecutor's remarks were not a personal attack against defense counsel, but rather were addressed to defense counsel's argument. *Id.* at 205 (citing *Gorman v. State*, 480 S.W.2d 188, 190 (Tex. Crim. App. 1972), for proposition that "prosecutor's comment '[d]on't let him smoke-screen you, he has smoke-screened you enough' was in response to defense counsel's argument attempting to minimize defendant's prior criminal record"). Accordingly, the court found that the trial court did not err in overruling the defendant's objection that the prosecutor's statement was improperly striking at the defendant over his attorney's shoulders. *Id.* For the same reason, we overrule appellant's first appellate issue.

## CONCLUSION

Having found no merit in appellant's claims on appeal, the judgments of conviction are affirmed.

10

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   May 8, 2013

Do Not Publish